Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6713 | **DATE** | 9/28/11 |
| **CASE TITLE** | Nishith P. Patel (#2011-0103015) v. Olivia Christine Hubel | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes Cook County Jail officials to deduct $12.00 from Plaintiff's account. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. However, the complaint is dismissed for failure to state a claim. This dismissal of Plaintiff's complaint shall count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Nishith P. Patel, Cook County Jail detainee #2011-0103015, filed this civil rights action against Olivia Hubel, the attorney who represented him in his criminal case. Plaintiff states that Ms. Hubel provided ineffective assistance and participated in a plea negotiation conference without Plaintiff's consent.

    Although Plaintiff's situation, if true, was unfortunate, his complaint fails to state a civil rights claim. Under 28 U.S.C. § 1915A, this court is required to conduct a preliminary review of a complaint and dismiss the complaint, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his *pro se* complaint, the complaint fails to present a claim upon which this court can grant relief.

    In order to bring a federal civil rights claim, Plaintiff must establish that a person acting under the color of state law violated Plaintiff's constitutional rights. Defense attorneys, even public defenders, are not considered "state actors" under § 1983, and cannot be sued for damages. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Although Plaintiff has a constitutional right to the effective assistance of counsel, such a claim is not the basis of a 42 U.S.C. § 1983 suit. Plaintiff may assert such a claim in an appeal in his state criminal case, in a state post-conviction petition, or in a federal petition for habeas corpus relief after exhausting state court remedies.

    Having not stated a claim upon which this court can grant relief, the complaint is dismissed. 28 U.S.C. § 1915A. The dismissal of the complaint counts as one of Plaintiff three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he has three federal cases dismissed as frivolous or malicious or for failure to state a claim, he may file an action in a federal district or appellate court without prepaying the filing fee unless Plaintiff demonstrates that he is imminent danger of a serious physical injury.
**(CONTINUED)**

    isk

| STATEMENT |
|---|

      Although Plaintiff's complaint cannot proceed in this court, he must still pay the $350 filing fee. 28 U.S.C. § 1915(a)(2). Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee. The court grants the motion and assesses an initial partial filing fee of $12.00. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct, when adequate funds exist, the initial filing fee from plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

      If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).